*In re* ESTATE OF SIDNEY H. WHITAKER, Deceased (La Salle National Bank, Ex'r of the Estate of Sidney H. Whitaker, Deceased, Respondent-Appellant, v. Sidney H. Whitaker, Petitioner-Appellee (William H. Barber *et al.*, Respondents)).

Third District   No. 3—88—0548

Opinion filed April 27, 1989.

Robert M. Hansen, of Herbolsheimer, Lannon, Henson, Duncan & Reagan, of La Salle (John S. Duncan, of counsel), for appellant.

Boyle, Goldsmith, Shore & Bolin, of Hennepin (Walter Durley Boyle and Lawrence Patterson, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The La Salle National Bank (Bank) appeals from a trial court order granting summary judgment in favor of Sidney Whitaker (Whitaker), whom the Bank owes $56,834.07 as a result of its improper management of the estate of Whitaker's uncle (also named Sidney H. Whitaker). The Bank contends the court should have entered judgment against it only in its capacity as executor of the estate (not in its individual capacity) and should not have ordered interest to be paid on the amount owed. We modify a portion of the judgment and otherwise affirm.

The uncle died testate on November 3, 1981, leaving no descendants, and on December 15, 1981, the Bank was appointed executor of the estate. The will provided that the testator's property was to be placed in trust, with income from the trust paid to his widow until her death. The will further directed the trustee to thereafter distribute the principal of the trust to the nephew, Whitaker. The widow renounced the will on March 19, 1982, and as a result she was to receive one-half of the estate in fee and Whitaker was to receive the

other half in fee. Ill. Rev. Stat. 1987, ch. 110½, par. 2—8(a).

During its administration of the estate, the Bank incorrectly allocated $14,602.17 of the Federal estate tax to the widow and $142,073.48 of the tax to Whitaker, and it has since acknowledged that the Federal estate tax should have been apportioned equally. Although the estate had sufficient funds on hand with which to pay the tax, the Bank requested Whitaker to advance $44,423.24 as his share of the estate tax. On August 17, 1982, Whitaker made the payment to the Bank. The estate tax was increased following an Internal Revenue Service audit, and Whitaker received another request for payment from the Bank. On August 29, 1983, Whitaker advanced an additional $31,237.06 to the Bank. During its administration of the estate, the Bank requested Whitaker to advance other sums, none of which are relevant for purposes of this appeal. By 1985, when the Bank rendered its final accounting, Whitaker had paid $148,974.28 to the estate pursuant to the Bank's requests, while the Bank had collected only $5,405.15 from the widow.

Whitaker filed objections to the final accounting and specifically noted the unequal apportionment of the Federal estate tax liability. The Bank filed an amended final account and report, which disclosed that all of the estate's assets had been disbursed, but did not correct the unequal apportionment of the estate tax liability. Whitaker filed objections to the amended account, again raising the issue that he was overcharged by the executor and requesting that his distributive share be increased.

In the meantime, on June 26, 1985, the widow died, leaving a will which bequeathed the residue of her estate to her nieces and nephews. The Bank also served as executor of the widow's estate, and it appears that many of the assets of the widow's estate have been disbursed. A majority of the widow's beneficiaries filed numerous objections to the Bank's amended final account and report of their uncle's estate.

On April 8, 1988, Whitaker filed a motion for summary judgment on the objections to the Bank's amended final account and report and an affidavit in support of the motion. Whitaker alleged that the Bank unnecessarily collected sums of money from him to pay the estate tax and that he was entitled to repayment of the amount he overpaid, plus interest. The beneficiaries under the widow's will filed a response to Whitaker's motion and a memorandum in opposition to the motion. The Bank filed no counteraffidavits.

A hearing on Whitaker's summary judgment motion was held on May 24, 1988. The Bank, as executor, and the widow's beneficiaries

agreed that Whitaker was entitled to a refund. However, the Bank and the widow's beneficiaries expressed concern about the source of the funds which would be used to repay Whitaker, since the widow and her estate had received the benefit of Whitaker's overpayment and the deceased's estate had no more funds. The Bank objected to the payment of interest on grounds that there was no statutory authority for such an award. The trial court granted judgment in favor of Whitaker and against the Bank as executor of the estate in the amount of $63,731 plus 5% interest. The court stated it was not yet deciding the source from which the Bank would be able to obtain the money.

The widow's beneficiaries filed a motion to vacate the judgment. They questioned the amount of the judgment and whether the court would reserve its determination of whether the judgment would be entered against the Bank as the executor or individually as a surcharge for its alleged mismanagement of the estate. Whitaker filed a memorandum in response to the motion, arguing that while the Bank should be personally liable for the loss occasioned by its improper payment of funds, this would not preclude the Bank from attempting to collect the money from the parties who were overpaid.

On July 19, 1988, a hearing on the motion to vacate was held. Following discussions regarding the amount Whitaker overpaid, the court modified the judgment and awarded Whitaker $56,834.07 together with 5% interest. The interest on $44,423.24 was computed from August 17, 1982, the date Whitaker paid that amount to the Bank, and the interest on the remaining amount was computed from August 16, 1983, when Whitaker made the second estate tax payment to the Bank. The court entered the order against the Bank as a corporation, rather than as executor of the estate. It explained at the hearing that by entering the order in that fashion, the judgment was collectible, but the Bank was free to ask for a credit on the judgment against the estate. The Bank has appealed.

First, the Bank contends that the court erred in entering judgment against it individually, rather than in its capacity as executor. The Bank argues that the court did not hear evidence on whether the estate had been mismanaged and whether, as a result of that mismanagement, the Bank should be held individually liable for the money owed to Whitaker. The Bank further asserts that it should be given the opportunity to obtain the funds due Whitaker from the widow's estate, which received the windfall as a result of the Bank's error, and asks this court to modify the judgment by entering it against the Bank as executor. Whitaker has no disagreement with giving the

Bank the opportunity to recoup the amount of the judgment from the widow's estate.

■ A review of the record discloses that the court entered judgment against the Bank individually in part because all parties agreed that Whitaker was entitled to the money and because the court was aware that there were no assets in the estate. However, the court specifically mentioned that. the Bank had the option of seeking a credit for the judgment against the estate. This indicates that while the court intended to hold the Bank personally liable, it did not intend to preclude the Bank, in its capacity as executor, from attempting to satisfy the judgment by regaining possession of the funds it improperly distributed to the widow. Accordingly, we modify the judgment to better reflect the apparent intent of the trial court and hereby enter judgment against the Bank both jointly and severally, in its capacity as executor and individually. This leaves the Bank with at least the opportunity to attempt to recoup funds overdistributed to the widow's estate and ensures that, in any event, Whitaker will receive the money he is owed as a result of the Bank's error.

■ The second issue the Bank raises is whether any statute authorizes the award of interest under these circumstances. Whitaker contends that the court properly awarded interest under section 2 of the Interest Act (Ill. Rev. Stat. 1987, ch. 17, par. 6402). That statute provides:

> "Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance [;] on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment." (Ill. Rev. Stat. 1987, ch. 17, par. 6402.)

Although this case presents a rather unique set of facts, we conclude that Whitaker is entitled to 5% prejudgment interest from the dates on which he paid the amounts to the Bank.

On two occasions and at the Bank's request, Whitaker advanced money to the Bank for its use, as executor, in the payment of obligations of the estate, even though the estate had on hand sufficient assets with which to pay the obligations. Whitaker and the Bank thus entered into a creditor/debtor relationship for purposes of this statute. Whitaker was never properly reimbursed for the money he ad-

vanced, and he is entitled to statutory interest at 5% from the dates the Bank received the money. Accordingly, the trial court's award of interest was not in error.

In conclusion, we modify the order of the circuit court so that summary judgment is entered against the bank jointly, as an individual corporation and in its capacity as executor of the estate of Sidney H. Whitaker. The remainder of the order is affirmed in full.

Affirmed as modified.

SCOTT and STOUDER, JJ., concur.